IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20675
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL ROOSEVELT BANKS, also known
as Paul Robert Banks,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
95-CR-219-1
_____
May 6, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Paul R. Banks, Jr. was convicted of conspiracy to possess with
intent to distribute cocaine and aiding and abetting the possession
with intent to distribute cocaine. A pro se notice of appeal was
filed with this court, indicating that Banks intended to appeal the
judgment. The notice of appeal, however, was signed by Deandraline
Banks, who indicated that she had the permission of Paul R. Banks,
Jr. to sign the document.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Federal Rule of Appellate Procedure 3(c) states that "[a] notice of appeal filed pro se is filed on behalf of the party signing the notice and the signer's spouse and minor children, if they are parties, unless the notice of appeal clearly indicates a contrary intent." Fed. R. App. P. 3(c) (emphasis added). Paul R. Banks, Jr. clearly failed to comply with this rule. Moreover, there is no indication in the record that Banks was unable to sign the notice of appeal for himself, nor is there any indication of the reason underlying his failure to sign the notice of appeal on his own behalf. The presentence report reflects that Paul R. Banks, Jr. was never married, and we know nothing of the relationship between Paul R. Banks, Jr. and Deandraline Banks-- other than Banks's assertion that she is a relative. Under these circumstances, we hold that Banks's failure to comply with the requirements of Federal Rule of Appellate Procedure 3(c) is fatal to his appeal and dismiss this appeal for lack of jurisdiction. See Mikeska v. Collins, 928 F.2d 126, 126 (5th Cir. 1991) (holding that notice of appeal failed to perfect appeal on behalf of pro se defendants who were named in the notice but who failed to sign notice).

In reaching this holding, we are aware that this court liberally construes papers filed by pro se litigants; however, where, as here, there is no suggested explanation for the failure

to comply with the rule, we find no basis to allow the appeal to proceed.  There may be circumstances, not present in this appeal, that would justify the failure of a <u>pro</u> <u>se</u> appellant to sign his notice of appeal; however, we need not reach that issue today.

Because we conclude that the notice of appeal filed with this court is defective, we are without jurisdiction over this appeal and, accordingly, the action is

D I S M I S S E D.

3